UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CELSO LEON,

      Petitioner,

  v.

A.P. KANE, Warden,

      Respondents.

NO. CIV. S-04-2631 FCD JFM (HC)

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on respondent A.P. Kane's ("respondent") application for a stay of the court's February 8, 2010 order granting petitioner Celso Leon's ("petitioner") habeas petition. The court adopted the magistrate judge's findings and recommendations ("F&Rs"), granting the petition on the ground that the record lacked some evidence supporting the denial of parole and requiring respondent to "forthwith set a parole release date for petitioner." (Docket #22.) Respondent moves for a stay of the court's order pending appeal, or in the alternative, for a temporary stay to give respondent the opportunity to seek a stay in the Ninth Circuit.

Federal Rule of Appellate Procedure 8(a) provides that a party must move in the district court for a stay of the judgment or order of a district court pending appeal. In the context of a habeas corpus matter, "Federal Rule of Appellate Procedure 23(c) provides that, when the Government appeals a decision granting a writ of habeas corpus, the habeas petitioner shall be released from custody," unless the court rendering the decision orders otherwise. Hilton v. Braunskill, 481 U.S. 770, 772 (1987).[1] Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases," but the presumption may be overcome where the factors traditionally considered in deciding whether to stay a judgment in a civil case, "tip the balance against it." Id. at 774, 777. These factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [of its appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 776-77. "Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors . . . militate against release." Id. at 778. Where the merits showing does not meet this level, "the preference for release

---

[1] Fed. R. App. Proc. 23(c) provides: "While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety."

2

should control." Id. Ultimately, like its discretion in "conditioning a judgment granting habeas relief," this court has "broad discretion" in determining "whether the judgment granting habeas relief should be stayed pending appeal." Id. at 775.

In this case, respondent has shown a possibility, although not a likelihood, of success on some of the substantial issues presented in this case. These issues include, *inter alia*: (1) whether there is clearly established federal law requiring that a decision to deny parole be supported by "some evidence"; (2) if such law exists, whether some evidence existed in this case; (3) whether clearly established federal law precludes the state from relying on petitioner's crime to find him unsuitable for parole; and (4) whether the appropriate remedy for a violation was release without allowing the Board or the Governor an opportunity to review the decision. All of these matters present complicated questions, which neither the Supreme Court nor the Ninth Circuit have definitively addressed.[2]

However, apart from the complexity of the merits issues, the other factors do not militate strongly in favor of a stay. Respondent has not made a particularized showing that petitioner's release would endanger public safety or otherwise harm the parole system generally. Indeed, should the appellate court reverse this court's grant of the petition, petitioner, if released, could simply be ordered back to prison. Presumably, as again, respondent has made no showing of a flight risk,

---

[2] These questions and the relevant case law are thoroughly described by the magistrate judge in the F&Rs, by respondent's brief objecting to the F&Rs, and the instant motion. Accordingly, the court does repeat that discussion here.

3

1 petitioner would return as directed; a surety, pursuant to Rule
2 23(c), could also be ordered to assure his return.  The court
3 also rejects respondent's contention that a stay, which
4 necessarily prolongs detention, will not injure petitioner as
5 well as respondent's argument that a stay sufficiently furthers
6 the public interest in respecting the state's parol process to
7 overcome the presumption of release.

     Nevertheless, the court finds that consideration of all relevant factors, including the highly difficult questions on the merits, warrants a limited stay to allow respondent to seek a stay from the Ninth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(ii).

     IT IS SO ORDERED.

DATED: February 11, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE